**BARSHAY SANDERS, PLLC**
Craig B. Sanders (Cal. Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 122164

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Robert O'Neil,

                    Plaintiff,

     v.

Ivatovar, Inc.,

                    Defendant.

Case No:  **'21 CV0932 AJB  MSB**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Robert O'Neil ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant Ivatovar, Inc. ("*Defendant*") states and alleges as follows:

### INTRODUCTION

1.    This action seeks to recover damages for copyright infringement.

2.    Plaintiff herein creates photographic images and owns the rights to these images which Plaintiff licenses for various uses including online and print publications.

3.    Plaintiff has obtained U.S. copyright registrations covering many of Plaintiff's images and many others are the subject of pending copyright applications.

PLAINTIFF'S COMPLAINT

4.    Defendant owns and operates a website known as sparkchronicles.com (the "*Website*").

5.    Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6.    Plaintiff Robert O'Neil is an individual who is a citizen of the State of New York and maintains a principal place of business 10-01 162nd Street Apartment 7B, Whitestone, NY 11357, in Queens County.

7.    On information and belief, Defendant Ivatovar, Inc., is a California Business Corporation with a principal place of business at 2835 University Avenue, San Diego, California 92104 and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9.    This Court has personal jurisdiction over Ivatovar, Inc. because it maintains its principal place of business in California.

10.    Venue is proper under 28 U.S.C. §1391(a)(2) because Ivatovar, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11.    Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which Plaintiff licenses to online and print publications.

12.    Plaintiff has invested significant time and money in building

BARSHAY SANDERS, PLLC

PLAINTIFF'S COMPLAINT

1 | Plaintiff's photograph portfolio.

2 |     13.    Plaintiff has obtained active and valid copyright registrations from

3 | the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's

4 | photographs while many others are the subject of pending copyright applications.

5 |     14.    Plaintiff's photographs are original, creative works in which

6 | Plaintiff's own protectable copyright interests.

7 |     15.    The Website is a popular and lucrative commercial enterprise.

8 |     16.    The Website is monetized in that it contains paid advertisements and,

9 | on information and belief, Defendant profits from these activities.

10 |     17.    On or about March 31, 2020, Plaintiff Robert O'Neil authored two

11 | photographs of celebrity couple walking (the "*Photographs*"). A copy of each of

12 | the photographs is attached hereto collectively as Exhibit 1.

13 |     18.    Plaintiff applied to the USCO to register the Photographs on May 15,

14 | 2020 under Application No. 1-8836179661.

15 |     19.    The Photographs was registered by USCO on May 15, 2020 under

16 | Registration No. VA 2-206-865.

17 |     20.    Plaintiff observed the Photographs on Defendant's domain

18 | sparkchronicles.com on or about May 20, 2020. A copy of Screengrab of

19 | Defendant's website including the Photographs is attached hereto as Exhibit 2.

20 |     21.    A copy of the Photographs was stored and displayed on Defendant's

21 | domain    sparkchronicles.com    at    the    following    URL:

22 | https://sparkchronicles.com/camila-cabello-asked-my-mom-about-the-haircut-

23 | effect-i-sleepcreate-and-send-wideo/.

24 |     22.    Without permission or authorization from Plaintiff, Defendant

25 | volitionally selected, copied, stored and/or displayed Plaintiff copyright protected

26 | Photographs as set forth in Exhibit "1" which is annexed hereto and incorporated

27 | in its entirety herein, on the Website.

BARSHAY SANDERS, PLLC

PLAINTIFF'S COMPLAINT

BARSHAY SANDERS, PLLC

23.    On information and belief, the Photographs was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

24.    The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

25.    The Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

26.    On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying Plaintiff's Photographs.

27.    On information and belief, the Photographs were posted on April 21, 2020 to the Website by Steven Mark who is listed as an author by Defendant (see https://sparkchronicles.com/author/steven/).

28.    On information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

29.    On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

30.    On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

31.    On information and belief, Defendant has the legal right and ability

PLAINTIFF'S COMPLAINT

to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

32.    On information and belief, Defendant has received a financial benefit directly attributable to the Infringement. Specifically, by way of the Infringement, the Website had increased traffic to the and, in turn, realized an increase its advertising revenues and/or merchandise sales.

33.    On information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

34.    On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

35.    Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

36.    As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

37.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

38.    The Photographs is an original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

39.    Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

40.    Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's

PLAINTIFF'S COMPLAINT

1    exclusive rights in its copyrights.

2        41.    Defendant's reproduction of the Photographs and display of the

3    Photographs on the Website constitutes willful copyright infringement. *Feist*

4    *Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

5        42.    Plaintiff is informed and believes and thereon alleges that the

6    Defendants willfully infringed upon Plaintiff's copyrighted Photographs in

7    violation of Title 17 of the U.S. Code, in that they used, published, communicated,

8    posted, publicized, and otherwise held out to the public for commercial benefit,

9    the original and unique Photographs of the Plaintiff without Plaintiff's consent or

10    authority, by using them in the infringing articles on the Website.

11        43.    As a result of Defendants' violations of Title 17 of the U.S. Code,

12    Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or

13    statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

14        44.    As a result of the Defendants' violations of Title 17 of the U.S. Code,

15    the court in its discretion may allow the recovery of full costs as well as reasonable

16    attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

17        45.    Plaintiff is also entitled to injunctive relief to prevent or restrain

18    infringement of his copyright pursuant to 17 U.S.C. § 502.

19

20    **JURY DEMAND**

21        46.    Plaintiff hereby demands a trial of this action by jury.

22    **PRAYER FOR RELIEF**

23    **WHEREFORE** Plaintiff respectfully requests judgment as follows:

24    That the Court enters a judgment finding that Defendant has infringed on

25    Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 <u>et seq.</u> and

26    award damages and monetary relief as follows:

27        a.    finding that Defendants infringed Plaintiff's copyright interest

28            in the Photographs by copying and displaying without a

*BARSHAY SANDERS, PLLC*

PLAINTIFF'S COMPLAINT

license or consent;

b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.    for pre judgment interest as permitted by law; and

f.    for any other relief the Court deems just and proper.

DATED: May 17, 2021

BARSHAY SANDERS, PLLC

By:  */s/ Craig B. Sanders*
Craig B. Sanders, Esq. (Cal. Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 122164

PLAINTIFF'S COMPLAINT